UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JUAN AGUILAR-CASTANEDA,<br>Defendant. | Case No. 18-CR-00427-LHK-1<br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br>Re: Dkt. No. 12 |

Before the Court is Defendant Juan Aguilar-Castaneda's motion to dismiss Plaintiff United States' ("government") indictment for illegal reentry following deportation in violation of 8 U.S.C. § 1326. ECF No. 12 ("Mot.").

In 2000, Defendant pleaded guilty to one count of Cal. Penal Code § 261.5(c), unlawful sexual intercourse with person under 18. Defendant was placed in administrative removal proceedings because his conviction was classified as an aggravated felony. Administrative removal proceedings, which are limited to noncitizens convicted of an aggravated felony who are not permanent residents, do not require a hearing before an Immigration Judge. 8 U.S.C. § 1228(b). In 2000, an immigration officer ordered Defendant removed from the United States.

Now, Defendant asserts that he was not informed of his right to seek judicial view of the

immigration officer's decision that his 2000 conviction was an aggravated felony. Defendant also argues that the 2000 conviction was not an aggravated felony. Having considered the filings of the parties, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss the indictment with prejudice.

## I. BACKGROUND

### A. Factual Background

On January 7, 2000, before the California Superior Court of Monterey County, Defendant pleaded guilty to a felony violation of Cal. Penal Code § 261.5(c), unlawful sexual intercourse with person under 18, otherwise known as statutory rape. ECF No. 16-1, Ex. A; ECF No. 16 at 2 ("Opp.")[1]; *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 429 (9th Cir. 2011). Defendant was sentenced to 185 days in jail and 36 months of probation. Opp. at 2; Mot. at 2.

At an unspecified point in time, Defendant was transferred into the custody of the Immigration and Naturalization Service. ECF No. 13-1, Ex. A. On July 6, 2000, Defendant was served with a Notice of Intent to Issue a Final Administrative Removal Order ("Notice of Intent"). *Id.* The Notice of Intent stated that Defendant entered the United States on an unknown date in 1987 without inspection by an immigration officer, and that on January 7, 2000, Defendant was convicted in the Superior Court of Monterey County for unlawful sexual intercourse with a minor in violation of Cal. Penal Code § 261.5(c). *Id.* Moreover, the Notice of Intent also stated that Defendant was deportable without appearing before an Immigration Judge because he was convicted of an aggravated felony "as defined in section 101(a)(43) of the [Immigration and Nationality] Act," codified at 8 U.S.C. § 1101(a)(43).

The government contends that Defendant's conviction under Cal. Penal Code § 261.5(c) is an aggravated felony because a conviction under § 261.5(c) constitutes "sexual abuse of a minor." Opp. at 3. "[S]exual abuse of a minor" falls under the statutory definition of "aggravated felony"

---

[1] Here, the Court relies on the government's account of Defendant's Monterey County charges and Defendant's 2000 plea because neither party filed with the Court any documentary evidence regarding Defendant's 2000 conviction. Moreover, Defendant does not dispute any part of the government's account of the facts.

2

Case No. 18-CR-00427-LHK-1
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

pursuant to 8 U.S.C. § 1101(a)(43)(A). The government also makes a cursory argument that Defendant's conviction might constitute a "crime of violence," which is also an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(F). Opp. at 4.

As shown below, the Notice of Intent contained a section called "Your Rights and Responsibilities." ECF No. 13-1, Ex. A. The section disclosed that Defendant had the right to, *inter alia*, "rebut the charges stated above (with supporting evidence)" and seek judicial review by filing a petition for review "within 14 calendar days after the date" the final order of removal is issued. *Id.*

**Your Rights and Responsibilities**

You may choose to be represented (at no expense to the United States government) by counsel, authorized to practice in this proceeding. If you wish legal advice and cannot afford it, contact legal counsel from the list of available free legal services provided to you.

You must respond to the above charges in writing to the Service address provided below **within 10 calendar days of service of this notice (or 13 calendar days if service is by mail)**. In your response you may: request, for good cause an extension of time; rebut the charges stated above (with supporting evidence); request an opportunity to review the government's evidence; admit deportability; and/or designate the country to which you choose to be removed in the event that a final order of removal is issued (which designation the Service will honor only to the extent permitted under section 241 of the Act.)

You may seek judicial review of any final administrative order by filing a petition for review within 14 calendar days after the date such final administrative order is issued, or you may waive such appeal by stating, in writing, your desire not to appeal.

The Notice of Intent also contained four other sections. The first section was entitled "Certificate of Service." The Certificate of Service section stated: "I served this Notice of Intent. I have determined that the person served this document is the above named individual." The Certificate of Service section was completed and signed by an immigration officer. The Certificate of Service section also noted that "I explained and/or served this Notice of Intent to the alien in the English language." Defendant was served with the Notice of Intent on July 6, 2000. *Id.*

The second section was an acknowledgement of the receipt of the Notice of Intent. The acknowledgement section stated: "I acknowledge that I have received this Notice of Intent to Issue a Final Administrative Removal Order." This second section contains Defendant's signature acknowledging receipt of the Notice of Intent, and was dated July 6, 2000 at 12:10 p.m. *Id.*

As shown below, the third section was entitled "I Wish to Contest," with 4 checkbox options for grounds on which Defendant could contest his deportability. *Id.* The 4 checkbox options stated: (1) "I am a citizen or national of the United States"; (2) "I am a lawful permanent resident of the United States"; (3) "I was not convicted for the criminal offense described in allegation number 6 above"; and (4) "I am attaching documents in support of my rebuttal and request for further review." *Id.* The "I Wish to Contest" section was not completed. *Id.*

**I WISH TO CONTEST:**

I contest my deportability because: *(Attach any supporting documentation):*

[ ] I am a citizen or national of the United States.
[ ] I am a lawful permanent resident of the United States.
[ ] I was not convicted for the criminal offense described in allegation number 6 above.
[ ] I am attaching documents in support of my rebuttal and request for further review.

_____  _____  _____
Signature                Print Name              Date and Time

As shown below, the fourth section was entitled "I Do Not Wish to Contest." This fourth section stated:

> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I wish to be deported to Mexico. I also waive the 14-day period of execution of the Final Removal Order.

*Id.* Defendant signed the "I Do Not Wish to Contest" section on July 6, 2000.

**I DO NOT WISH TO CONTEST:**

[☒] I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I wish to be deported to ☒ MEXICO
[☒] I also waive the 14-day period of execution of the Final Removal Order.

Juan C. Aguilar    AGUILAR-CASTANEDA, JUAN    7/6/00 @ 12:10 p.m.
(Signature of Respondent)  (Printed Name of Respondent)  (Date and Time)
_____  _____  _____
(Signature of Witness)   (Printed Name of Witness)   (Date and Time)

On July 6, 2000, Defendant was served with a final administrative removal order. ECF No. 13-1, Ex. B. On July 7, 2000, Defendant was deported to Mexico, departing the United States

4
Case No. 18-CR-00427-LHK-1
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

by foot. ECF No. 13-1, Ex. C.

## B. Procedural History

On September 6, 2018, a grand jury in the Northern District of California returned an indictment, charging Defendant with one count of illegal reentry following deportation under 8 U.S.C. § 1326. ECF No. 1. On March 27, 2019, Defendant filed the instant motion to dismiss the indictment. ECF No. 12 ("Mot."). The government filed its opposition on April 26, 2019. ECF No. 16 ("Opp."). Defendant filed his reply on May 10, 2019. ECF No. 18 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Indictment

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In considering a motion to dismiss an indictment, a court must accept the allegations in the indictment as true and "analyz[e] whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *Id.* A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986).

### B. Collateral Attack on a Deportation

"For a defendant to be convicted of illegal reentry under 8 U.S.C. § 1326, the Government must establish that the defendant left the United States under order of exclusion, deportation, or removal, and then illegally reentered." *United States v. Raya-Vaca*, 771 F.3d 1195, 1201 (9th Cir. 2014) (internal quotation marks and citation omitted). "A defendant charged under § 1326 has a due process right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *Id.* (internal quotation marks and citation omitted).

To demonstrate that a prior deportation cannot serve as the basis for an indictment for illegal reentry, 8 U.S.C. § 1326(d) requires that a defendant "demonstrate that (1) he exhausted the

5

Case No. 18-CR-00427-LHK-1
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

administrative remedies available for seeking relief from the predicate removal order; (2) the deportation proceedings 'improperly deprived [him] of the opportunity for judicial review'; and (3) the removal order was 'fundamentally unfair.'" *Raya-Vaca*, 771 F.3d at 1201 (quoting 8 U.S.C. § 1326(d)) (brackets in original). "To satisfy the third prong—that the order was fundamentally unfair—the defendant bears the burden of establishing both that the deportation proceeding violated his due process rights and that the violation caused prejudice." *Id.* (internal quotation marks, citation, and brackets omitted).

### III. DISCUSSION

As aforementioned, to show that a prior deportation cannot serve as the basis for an indictment for illegal reentry, 8 U.S.C. § 1326(d) requires that a defendant "demonstrate that (1) he exhausted the administrative remedies available for seeking relief from the predicate removal order; (2) the deportation proceedings 'improperly deprived [him] of the opportunity for judicial review'; and (3) the removal order was 'fundamentally unfair.'" *Id.* The Court addresses each prong in turn.

#### A. Whether Defendant Exhausted Administrative Remedies (Prong 1) and Whether the Deportation Proceedings Deprived Defendant of the Opportunity for Judicial Review (Prong 2)

The first two prongs of § 1326(d) require a defendant collaterally attacking an underlying removal order to (1) exhaust administrative remedies and (2) show that he or she was improperly deprived of the opportunity for judicial review.

The Ninth Circuit has held that the "first two prongs of § 1326(d) are satisfied if [the defendant's] right of appeal was denied in violation of due process." *United States v. Valdivia-Flores*, 876 F.3d 1201, 1205 (9th Cir. 2017) (citing *United States v. Gomez*, 757 F.3d 885, 893 (9th Cir. 2014)). A defendant can waive his or her right to an appeal. *See, e.g.*, *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1045 (9th Cir. 2012).

As to prong 1 of § 1326(d), if a defendant's waiver of appeal was not "considered and intelligent," then the defendant is "exempted from the requirement under 8 U.S.C. § 1326(d)(1) that he exhaust all administrative remedies" because the waiver did not comport with due process.

6
Case No. 18-CR-00427-LHK-1
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

*Id.* ("Because he did not validly waive his right of appeal, [defendant] is exempted from the requirement under 8 U.S.C. § 1326(d)(1) that he exhaust all administrative remedies . . . . because his waiver was not sufficiently 'considered and intelligent' under the Due Process Clause . . . .").

As to prong 2 of § 1326(d), which requires that a defendant show that he was improperly deprived of an opportunity for judicial review, "[w]here a waiver of the right to appeal a removal order is not 'considered and intelligent,' an alien has been deprived of his right to that appeal and thus to a meaningful opportunity for judicial review." *United States v. Pallares-Galan*, 359 F.3d 1088, 1096 (9th Cir. 2004).

Here, Defendant argues that his waiver of his right to pursue a judicial appeal of the Notice of Intent challenging the legal basis for removal—the classification of his 2000 conviction as an aggravated felony—was not considered and intelligent. Mot. at 7. Per *Valdivia-Flores*, if a defendant "asserts that his waiver was not considered and intelligent, the government must show by clear and convincing evidence that the waiver was valid, and it may not simply rely on the signed document purportedly agreeing to the waiver." *Valdivia-Flores*, 876 F.3d at 1205. The facts in *Valdivia-Flores* are highly analogous to the instant case.

The question before the *Valdivia-Flores* court was whether the notice of intent established that the *Valdivia-Flores* defendant's waiver of his right to pursue a judicial appeal was considered and intelligent because a waiver does not comport with due process when it is not considered and intelligent. *Id.* at 1206; *see also United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 ("A waiver of the right to appeal a removal order does not comport with due process when it is not 'considered and intelligent.'"). The *Valdivia-Flores* defendant was presented with a near-identical notice of intent as in the instant case. The *Valdivia-Flores* notice of intent contained three checkboxes that disclosed grounds upon which the *Valdivia-Flores* defendant could challenge his deportability: (1) "he could assert that he was a citizen or national of the United States; (2) he could assert that he was a lawful permanent resident; and (3) he could claim that he was not convicted of the criminal offense described in the Notice of Intent." 876 F.3d at 1204.

However, the Ninth Circuit found that the *Valdivia-Flores* defendant's waiver of his rights

7
Case No. 18-CR-00427-LHK-1
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

to pursue a judicial appeal was not considered and intelligent, and thus a due process violation. *Id.* at 1206. The *Valdivia-Flores* court came to this conclusion because the notice of intent "did not include an option to contest the classification of the conviction as an aggravated felony, and the only check box relevant to the conviction itself only allowed Valdivia-Flores to contest that he was not convicted of the criminal offense described." *Id.* at 1206.

Like in *Valdivia-Flores*, here, Defendant's Notice of Intent "did not include an option to contest the classification of the conviction as an aggravated felony." *Id.* Indeed, the only options provided in the Notice of Intent to allow Defendant to contest deportability were on the grounds that Defendant is a United States citizen, national, or permanent resident, or because he was not convicted under Cal. Penal Code § 261.5(c). ECF No. 13-1 at Ex. A. These options are identical to the deficient options in the *Valdivia-Flores* defendant's notice of intent. 876 F.3d at 1204.

Moreover, the *Valdivia-Flores* notice of intent's "deficiencies are magnified because [the defendant] was not represented and never had the benefit of appearing before an [immigration judge], who . . . would have adequately conveyed both [his] appeal options and the finality associated with waiving appeal." *Id.* (internal quotation marks omitted). Likewise, here, Defendant was not represented by counsel and did not appear before an immigration judge.

Furthermore, the government has not met its burden of showing through clear and convincing evidence that Defendant's waiver was valid and therefore comported with due process. The government's five-page opposition merely repeats what was asked in the Notice of Intent, Opp. at 4, but fails to demonstrate why Defendant's waiver was valid. *See Valdivia-Flores*, 876 F.3d at 1205 (holding that the government "may not simply rely on the signed document purportedly agreeing to the waiver" to show that a defendant's decision to waive judicial appeal was considered and intelligent). For instance, the government argues that "Defendant was clear that he admitted to the allegation in the Notice of Intent. Defendant was clear in his desire not to contest his removal. . . . Defendant acknowledged that he was deportable. . . . Defendant waived [his] right to rebut and contest the charges against him." Opp. at 4. But the government fails to cite *evidence* that shows Defendant's waiver was considered and intelligent. The government has

8

Case No. 18-CR-00427-LHK-1
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

advanced only attorney argument that Defendant's waiver was considered and intelligent. Thus, the government has not shown through clear and convincing evidence that Defendant's waiver was valid.

In sum, because the Notice of Intent in this case failed to fully inform Defendant of his right to appeal his deportability, per *Valdivia-Flores*, Defendant has shown that his waiver of judicial review was not considered and intelligent and therefore violates due process. Thus, Defendant is exempted from satisfying prong 1 of § 1326(d), which requires exhaustion of administrative remedies, because under Ninth Circuit law, a defendant who did not validly waive his right to appeal is exempt from the requirement that he exhaust all administrative remedies. *Reyes-Bonilla*, 671 F.3d at 1045 ("Because he did not validly waive his right of appeal, [defendant] is exempted from the requirement under 8 U.S.C. § 1326(d)(1) that he exhaust all administrative remedies before collaterally attacking the 2001 removal order.").

Defendant satisfies prong 2 of § 1326(d)—whether Defendant was deprived of the opportunity for judicial review—because Defendant's waiver of judicial review was invalid because the waiver was not considered and intelligent. "Where a waiver of the right to appeal a removal order is not 'considered and intelligent,' an alien has been deprived of his right to that appeal and thus to a meaningful opportunity for judicial review." *Pallares-Galan*, 359 F.3d at 1096.

Next, the Court addresses prong 3 of § 1326(d): whether the entry of a removal order was fundamentally unfair.

**B. Whether the 2000 Removal Order was "Fundamentally Unfair" (Prong 3)**

"Any alien who is convicted of an aggravated felony . . . is deportable." *Leocal v. Ashcroft*, 543 U.S. 1, 4 (2004) (citing 8 U.S.C. § 1227(a)(2)(A)(iii)). Such an alien is removable from the United States "under an administrative order without appearing before an Immigration Judge." *United States v. Ramos-Medina*, 706 F.3d 932, 935 (9th Cir. 2013) (citing 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1228(b)). An administrative removal or administrative order of removal means that an alien is removable without "a hearing before an immigration judge" because the removal

9

proceeding is "summary in nature and conducted by front-line immigration enforcement officers employed by [the Department of Homeland Security]." *Gomez-Velazco v. Sessions*, 879 F.3d 989, 991 (9th Cir. 2018).

As relevant to the government's assertion that Defendant's conviction is an aggravated felony, the government posits that Defendant's conviction constitutes "sexual abuse of a minor" and "a crime of violence," both of which fall under the statutory definition of "aggravated felony." 8 U.S.C. §§ 1101(a)(43)(A), 1101(a)(43)(F). "[T]he government bears the burden of proof to show by clear and convincing evidence that a prior conviction is an aggravated felony." *Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014).

Where a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime of which he was previously convicted was not, in fact, an aggravated felony satisfies prong 3 of § 1326(d), which requires that the prior removal order be "fundamentally unfair." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015). Cal. Penal Code § 261.5(c) states:

> Any person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished . . . .

Here, the question of whether a conviction under Cal. Penal Code § 261.5(c) constitutes "sexual abuse of a minor" or "a crime of violence" and thus an aggravated felony is easily answered by United States Supreme Court and Ninth Circuit law, which uniformly hold that a § 261.5(c) conviction does not constitute "sexual abuse of a minor" or "a crime of violence," and thus does not constitute an aggravated felony. The Court first discusses "sexual abuse of a minor" then discusses "a crime of violence."

First, the United States Supreme Court has held that a conviction pursuant to Cal. Penal Code § 261.5(c) does not constitute "sexual abuse of a minor" and thus is not an aggravated felony. *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568 (2017) ("[T]he generic federal definition of sexual abuse of a minor requires that the victim be younger than 16. Because the

10
Case No. 18-CR-00427-LHK-1
ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

California statute at issue in this case[, Cal. Penal Code § 261.5(c),] does not categorically fall within that definition, a conviction pursuant to [§ 261.5(c)] is not an aggravated felony under § 1101(a)(43)(A).").

Similarly, ample Ninth Circuit law also holds that a § 261.5(c) conviction does not constitute "sexual abuse of a minor" and thus is not an aggravated felony. *See, e.g.*, *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147, 1160 (9th Cir. 2008) (en banc) (holding that it was error to find that "convictions under California Penal Code [§] 261.5(c) . . . constituted the aggravated felony 'sexual abuse of a minor' within the meaning of 8 U.S.C. § 1101(a)(43)"), overruled on other grounds by *United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc); *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 429 (9th Cir. 2011) (noting that the Ninth Circuit has "specifically considered" whether a conviction under Cal. Penal Code § 261.5(c) "constitutes the aggravated felony 'sexual abuse of a minor,'" and "in a unanimous opinion written by Judge Thomas[, ] answered this question in the negative because [§ 261.5(c)] . . . defines conduct that is broader than the generic federal definition of 'sexual abuse of a minor'"); *United States v. Farmer*, 627 F.3d 416, 420 (9th Cir. 2010) ("California Penal Code [§] 261.5(c)" does not "constitute 'sexual abuse of a minor' under 8 U.S.C. § 1101(a)(43)").

Second, the Ninth Circuit has held that "a violation of 261.5(c) is not . . . a crime of violence," and therefore is not an aggravated felony. *Valencia v. Gonzales*, 439 F.3d 1046, 1053 (9th Cir. 2006); *see also United States v. Sandoval-Orellana*, 714 F.3d 1174, 1178 (9th Cir. 2013) ("[V]iolation of § 261.5(c) is not . . . a crime of violence."); *United States v. Rodriguez-Guzman*, 506 F.3d 738, 743 (9th Cir. 2007) ("[S]tatutory rape under section 261.5(c) was not a 'crime of violence' as that term is defined by § 1101(a)(43)(F)."). Thus, because a violation of Cal. Penal Code § 261.5(c) is not a crime of violence, a conviction under § 261.5(c) does not constitute an aggravated felony.

The government argues that "at the time of [Defendant's] removal in 2000, the conviction constituted an aggravated felony and would have resulted in the same outcome. Whether Defendant was administratively removed or had come before an immigration judge, his conviction

11

was categorically an aggravated felony." Opp. at 3-4. However, United States Supreme Court and Ninth Circuit decisions that postdate Defendant's conviction and which hold that a § 261.5(c) conviction is not an aggravated felony apply retroactively to Defendant's 2000 conviction. "Decisions of statutory interpretation are fully retroactive because they do not change the law, but rather explain what the law has always meant." *United States v. Aguilera-Rios*, 769 F.3d 626, 631 (9th Cir. 2014) (quoting *United States v. Rivera-Nevarez*, 418 F.3d 1104, 1107 (10th Cir. 2005)). In light of these precedents, the government cannot possibly meet its burden to "show by clear and convincing evidence that a prior conviction is an aggravated felony." *Medina-Lara*, 771 F.3d at 1113.

Therefore, Defendant's conviction under Cal. Penal Code § 261.5(c) is not an aggravated felony because under United States Supreme Court and Ninth Circuit precedents, a violation of Cal. Penal Code § 261.5(c) is neither "sexual abuse of a minor" nor a "crime of violence" as defined in 8 U.S.C. § 1101(a)(43). Defendant has therefore satisfied prong 3 of § 1326(d). Moreover, as discussed above, Defendant is excused from meeting prong 1 of § 1326(d) and has satisfied prong 2 of § 1326(d).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment is GRANTED with prejudice.

**IT IS SO ORDERED.**

Dated: June 25, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge